UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSE LAPRADE and ENERGY            )
SAVING CONCEPTS ORGANIZATION,       )
L.L.C.,                             )
                                    )
     Plaintiffs,                    )
                                    ) No. 3:03-0469
v.                                  ) JUDGE ECHOLS
                                    )
ENERGY AUTOMATION SYSTEMS,          )
INC. and JOSEPH C. MERLO,            )
                                    )
     Defendants.                    )

## MEMORANDUM

Pending before the Court are Plaintiffs' Motion for New Trial (Docket Entry No. 164-1) and Plaintiffs' Motion to Strike Defendants' Supplemental Filing in Response to Plaintiffs' Motion for New Trial (Docket Entry No. 187), to which Defendants responded in opposition.

### I. FACTS AND PROCEDURAL HISTORY

This case was tried before a jury in July 2005. After several days of testimony the jury returned its verdict finding that Plaintiffs failed to prove their claims of intentional misrepresentation and promissory fraud against Defendants Energy Automation Systems, Inc. ("EASI") and Joseph C. Merlo. The jury also found that Plaintiffs proved their claims of negligent misrepresentation against Defendants EASI and Merlo, but determined Plaintiffs' fault was comparatively greater than Defendants' fault and the jury did not award Plaintiffs any damages.

1

Plaintiffs now move for a new trial under Federal Rule of Civil Procedure 59(a) limited to their claims against Defendants for intentional and negligent failure to disclose material facts to Plaintiffs before they purchased an EASI dealership. Plaintiffs contend the jury's findings are against the weight of the evidence and therefore, the findings should be overturned and a new trial granted.

In the Motion for New Trial, Plaintiffs comprehensively review the evidence they presented at trial which they believe proved by a preponderance that Defendants intentionally and negligently failed to disclose material facts to them. (Docket Entry No. 164, Motion at 3-10 & Appendices A & B.) Plaintiffs further claim the jury's finding that Plaintiffs were more at fault comparatively than Defendants is against the weight of the evidence and must be set aside.

Defendants' opposition to the Motion for New Trial emphasizes that the jury heard all of the evidence and returned a proper verdict in favor of Defendants that is not against the weight of the evidence. (Docket Entry No. 175.) After responding to Plaintiff's Motion for New Trial in August, Defendants filed a supplemental response in September, along with the Supplemental Declaration of Joseph Merlo. Defendants provide the Court with a copy of a letter Defendant Merlo received from Plaintiff ESCO, LLC, signed by Plaintiff Jesse C. LaPrade as Manager, on or about September 20, 2005. The letter, dated September 16, 2005, states as follows:

2

>   Dear Mr. Merlo:
>
>   We have decided to pursue new business through the EASI dealership we purchased. Please inform us of upcoming training dates for the next year so that I and prospective associates can make plans to attend. Please mail these dates to the address indicated.
>
>   Your prompt response will be appreciated.

(Docket Entry No. 184, Merlo Decl., Ex. A.)

Defendants suggest Plaintiffs ratified their contract with Defendants EASI and Merlo and thereby waived their claims of intentional and negligent failure to disclose material facts. In response, Plaintiffs' counsel filed a Motion to Strike Defendants' Supplemental Filing on the ground that the September 16 letter "is tantamount to an unexpected *pro se* attempt at post-trial settlement initiated by Plaintiff LaPrade without advice from or assistance by his counsel herein and as such is not admissible pursuant to Rule 408, Federal Rules of Evidence." (Docket Entry No. 187, Motion at 1.)

Defendants oppose the Motion to Strike contending Plaintiffs' letter cannot be read as an attempt to settle the case because there is no reference to furnishing valuable consideration in exchange for something of value, there is no indication Plaintiffs believed they were engaging in settlement negotiations, and Plaintiffs simply expressed a desire to resume activities as an EASI dealer. Defendants state they did not offer the letter to prove liability or invalidity of the claim or its amount, but only to demonstrate that Plaintiffs ratified the dealership contract with EASI and are now estopped from retrying the fraud claims.

3

## II. STANDARD OF REVIEW

A new trial may be granted to rectify a "'seriously erroneous result.'" Holmes v. City of Massillon, 78 F.3d 1041, 1046 (6th Cir. 1996). In ruling on a motion for new trial, the Court "must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the verdict is against the clear weight of the evidence." United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir. 1993). The motion should be denied if the jury reasonably could have reached its verdict. Id. The verdict is not unreasonable simply because different inferences and conclusions could have been drawn from the evidence or because a different result might have been more reasonable. Id.

## III. ANALYSIS

### A. Ratification and estoppel

The Court cannot agree with Plaintiffs' assessment that the September 16, 2005 letter addressed to Defendant Merlo was an attempt to settle this case. As Defendants observe, Plaintiff LaPrade clearly expressed an intent to resume business with Defendants as an EASI dealer. Thus, the Court is not precluded from considering the letter under Federal Rule of Evidence 408. See Zurich Am. Ins. Co. v. Watts Indus., 417 F.3d 682, 689 (7th Cir. 2005) (even settlement negotiations may be offered for other purposes, such as to show knowledge, intent and estoppel).

A contract is generally held to be void where a misrepresentation is made as to the character or essential terms of the agreement if the defrauded party neither knows nor has a

4

reasonable opportunity to ascertain the character or essential terms of the proposed contract. *Restatement (Second) of Contracts*, §§ 163-164 (1981). If the defrauded party has a reasonable opportunity to know the character or essential terms of the proposed contract, however, the contract is voidable. Id. If the contract is voidable, the defrauded party may ratify it. Id. See River Links at Deer Creek, LLC v. Melz, 108 S.W.3d 855, 859 (Tenn. Ct. App. 2002) ("when a contract is procured through fraud, then 'unless the defrauded party elects to affirm it, there is absolutely no contract[.]"); Valley Fidelity Bank v. Cain Partnership, 738 S.W.2d 638, 639 (Tenn. Ct. App. 1987). Whether to be bound by the agreement and waive the fraud is solely the option of the party upon whom the fraud is practiced. Brandon v. Wright, 838 S.W.2d 532, 534 (Tenn. Ct. App. 1992); Derryberry v. Hill, 745 S.W.2d 287, 292 (Tenn. Ct. App. 1988).

Having litigated, but failed to win damages, on four fraud claims against Defendants, it appears that Plaintiffs have now ratified their dealership contract with Defendants. See Wagner v. Frazier, 712 S.W.2d 109, 115 (Tenn. Ct. App. 1986) (noting ratification occurs when party, knowing all facts necessary to form an opinion, deliberately assents to be bound). As a result, Plaintiffs have waived the fraud and are estopped from continuing to assert the contract was procured by fraud:

> "[I]f, with a knowledge of the fraud, he acquiesce in the contract expressly, or do any act importing an intention to stand by it, or remain silent under circumstances which plainly indicate a continuing asset thereto, he can not afterward avoid it; for practically no man is injured

5

> if he know of the deceit which is practiced and consent
> to it, since the deceit then becomes an agreed fact of
> the case. So, also, if he treat the subject-matter as
> his own, by selling or leasing, he can not avoid the
> contract on the ground of fraud, even although he should
> afterwards discover some new incident to the same fraud,
> making it more to his injury than he supposed."

Derryberry, 745 S.W.2d at 292 (quoting Gilbert v. Hunnewell, Moores & Heiskill, 59 Tenn. 289, 292-293 (1873)); Graham v. First Amer. Nat'l Bank, 594 S.W.2d 723, 726 (Tenn. Ct. App. 1980) (going forward with contract waives right to rescind).

Accordingly, the Court concludes that Plaintiffs ratified their dealership agreement with Defendants EASI and Merlo by expressly stating an intention to be bound by the contract. As a result, Plaintiffs waived their claims of fraud and are now estopped from seeking a new trial against these Defendants. Plaintiffs' Motion to Strike will be DENIED.

## B. Motion for New Trial

Alternatively, the Court denies Plaintiffs' Motion for a New Trial under Rule 59(a). Having carefully weighed the evidence presented at trial, the Court cannot say that the jury's verdict is a "'seriously erroneous result.'" See Holmes, 78 F.3d at 1046. The jury found that Defendants negligently failed to disclose facts to Plaintiffs; however, the jury also determined, consistent with the evidence, that Plaintiffs' fault was comparatively greater than Defendants' fault, entitling Plaintiffs to no damages under Tennessee law.

The jury heard evidence that Plaintiff LaPrade sought out the EASI "business opportunity" and that he and his wife attended an

6

EASI orientation session in Hendersonville, Tennessee, in Fall 2001. During the session, the LaPrades had the opportunity to ask questions about EASI dealerships and to hear others in the audience ask questions. At the conclusion of the first morning session, the LaPrades met personally with Defendant Merlo and had a second, more private opportunity to ask him any questions they had about purchasing an EASI dealership. The LaPrades' questions focused on Defendant Merlo's statements that EASI intended to convert its dealerships to franchises, which would cost more money to purchase. At the conclusion of the orientation session, the LaPrades returned to their home in Alabama, but Plaintiff LaPrade did very little to investigate Defendants' broad claims of success or to seek out other EASI dealers to evaluate the dealership opportunity. Plaintiff LaPrade did ask an electrical engineering professor at Auburn University, where Plaintiff LaPrade was employed, whether EASI products worked. He received a positive response. Defendants did not contact Plaintiff LaPrade in an effort to produce a high-pressure sale.

Plaintiff LaPrade incorporated Energy Savings Concepts Organization ("ESCO") for the purpose of operating an EASI dealership. Plaintiff and his son returned to Hendersonville for a training seminar in December 2001, and Plaintiff LaPrade purchased a dealership during that seminar. Thereafter, Plaintiff LaPrade, his son, and two sales associates made some, though by no means extraordinary, efforts to sell EASI products without success.

While Plaintiff did present substantial evidence that Defendants EASI and Merlo negligently misrepresented material facts

7

and negligently failed to disclose material facts to Plaintiffs, the jury clearly took such evidence into account. The jury also weighed and considered Plaintiffs' own negligence and determined that Plaintiffs' negligence outweighed Defendants' negligence. On the record presented, the Court cannot say the jury's determination was unreasonable or seriously erroneous.

Likewise, the jury heard Plaintiffs' evidence that Defendants EASI and Merlo intentionally failed to disclose material facts to Plaintiffs. The jury found that Defendants did not make such intentional failures to disclose. The evidence on this point was hotly contested on both sides, and the jury judged the credibility of the witnesses, reviewed the testimony and exhibits, weighed all the evidence, and properly served its fact-finding function after hearing eight days of testimony. The Court cannot say that the jury's decision was unreasonable or that it was seriously erroneous. Therefore, Plaintiffs Motion for New Trial will be DENIED.

## IV. CONCLUSION

Plaintiffs waived their right to continue to pursue their fraud claims in a new trial by ratifying the dealership agreement. Alternatively, having weighed the trial evidence, the Court concludes the jury's verdict was reasonable and was not seriously erroneous. Accordingly, Plaintiffs' Motion to Strike and Motion for New Trial will be denied.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

8

Case 3:03-cv-00469   Document 192   Filed 11/21/05   Page 8 of 8 PageID #: 1981